## Case No. 14,603.

UNITED STATES v. BLACKBURN et al.

[8 Chi. Leg. News. 26; 1 N. Y. Wkly. Dig. 276.] [1]

District Court, W. D. Missouri. Oct. 11, 1874.

CONSPIRACY — NEGROES — EQUAL PROTECTION OF LAWS — PRIVILEGES — IMMUNITIES — WITNESSES—ALIBI.

[1. On a prosecution for conspiring together for the purpose of depriving colored citizens of the equal protection of the laws and equal privileges thereunder, it is no defense that such colored persons were charged by defendants or others with illegal acts or crimes.]

[2. Such charge is sustained by evidence that the colored people of that township were entitled to a public school, and that defendants, or some of them, conspired by illegal means to deprive the colored persons, as a class and on account of their color, of such school by intimidation.]

[3. If the outrages and crimes committed by defendants were known to the community at large, and that community and the officers of the law willfully failed to employ legal means. to bring the offenders to trial because of the color of the victims, there was a deprivation of the equal protection of the laws.]

This was an indictment against James Blackburn and others, charged with conspiring and going in disguise on the highway for the purpose of depriving Frank Lucas and others, as a class of persons, and because of their being colored citizens of the United States of African descent, of the

[1] [1 N. Y. Wkly. Dig. 276, contains only a partial report.]

equal protection of the laws, and of the equal privileges and immunities under the laws.

KREKEL, District Judge (charging jury). The defendants are indicted for conspiring together and going in disguise on the highway, and on the premises of Lucas and others, for the purpose of depriving them, as a class of persons, and because of their being colored citizens of the United States of African descent, of the equal protection of the laws, and of equal privileges and immunities under the laws. The offenses charged consist in the conspiring together, for the purpose of depriving colored citizens, as a class, of equal protection of the laws, and of equal privileges and immunities, to which they are entitled. At the present stage of the proceedings the indictment must be treated, not only as charging an offense against the laws of the United States, but as doing so in due form of law. No inquiry or suggestion as to the constitutionality of the law will therefore be proper, or indulged in. In the first place, the indictment charges a conspiracy, which is defined to be a combination of two or more persons, to commit the crime charged in the indictment, namely, the depriving colored citizens, as a class, and because of their being colored, of the equal protection of the law, and of equal privileges and immunities, to which they are entitled. It is not necessary that there should be direct proof of a conspiracy, but such as may be inferred from acts of the parties, such as going together, in disguise, in the nighttime, the doing of illegal acts, in which two or more unite, using language in the hearing of each other indicating a common purpose; in fine, anything satisfying your mind that they acted in harmony, with a common design, and for a common illegal purpose. The indictment further charges, and you must be satisfied from the evidence in the case, that the object in the conspiracy was against the persons named in the indictment, or some one or more of them, as a class, and because of their being colored citizens. You cannot find these defendants guilty of any offense, under this indictment, if you shall come to the conclusion that their acts, however criminal, were crimes committed without any design and purpose to deprive the colored citizens named in the indictment, or some of them, because they were colored, of the equal protection of the law, or equal privileges and immunities, which the law guaranties to them. Acts such as entering the houses of colored persons only, while on their nightly, illegal, and criminal errands; talk such as, "We will give you a touch of the civil rights bill"; notices such as indicate hostility to colored schools,—more or less tend to lead you to proper conclusion in reference to their object, design and intention. Crimes, however, such as these defendants are charged with, when committed without any design to affect particular persons, or a particular class, are punishable under state laws only.

The law guaranties equal protection to all. It is no defense, or even a mitigation, in the legal sense, that the colored persons named in the indictment were charged by the perpetrators of the outrages, or other parties, with illegal acts or crimes; for, if they had been guilty of any such, they were entitled to trials in the courts ordained for that purpose. The failing to resort to them strongly tends to show that the wrongs pretended to have been committed were private, rather than public, wrongs, and that the charges against them were invented to palliate, if not justify, their illegal acts. Further, if you shall find, from the evidence, that the colored people of the township in which the colored persons named in the indictment resided, were, under the law, by virtue of the number of children of suitable school age, entitled to have a public school, and that the defendants, or any two or more of them, conspired by illegal means to deprive them, as a class, and on account of their color, of such school, either by driving them off, or intimidating them, in order to prevent them from availing themselves of the benefit of the law, such acts tend to show, in the language of the indictment, that their object was the depriving them, as a class of persons, and because of their being colored, of their legal rights. By the equal protection of the laws, spoken of in the indictment, is meant that the ordinary means and appliances which the law has provided shall be used and put in operation alike in all cases of violation of law. Hence, if the outrages and crimes shown to have been committed in the case before you were well known to the community at large, and that community and the officers of the law willfully failed to employ the means provided by law to ferret out and bring to trial the offenders, because of the victims being colored, it is a depriving them of the equal protection of the law.

Aside from the depriving of colored persons, as a class, of the equal protection of the laws, charged in the indictment, it also charges that they were deprived of equal privileges and immunities under the laws. The privileges and immunities here spoken of are defined, in an early decision by Justice Washington, to be such as "belong of right to citizens of all free governments, and which have at all times been enjoyed by the citizens of the several states, and comprehend the enjoyment of life and liberty, with the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety." The enjoyment of life and liberty implies safety to person and property. The illegal and criminal interference with either by the defendants, or two or more of them, is to deprive the person or persons so interfered with of equal privileges

and immunities, and if such interference was with the intent to solely affect the colored persons named in the indictment, as a class, and on account of their color, this charge of the indictment is made out.

The government, through a grand jury, has accused the defendants of the crime charged. For the purpose of the trial, the defendants are considered innocent. The government must prove the charges, and satisfy your minds as to the guilt of the defendants, or two or more of them, beyond a reasonable doubt. By a reasonable doubt is meant the wavering of the mind in coming to a conclusion, from the evidence, as to the guilt or innocence of the party charged. If, on a careful examination of the whole testimony in the case, your mind shall be in hesitation or doubt as to the guilt or innocence of all or any of the parties, you shall acquit all, or such regarding whom you have such doubt. If you are satisfied beyond such doubt of the guilt of two or more of the defendants, you should find a verdict of guilty as to such, about whom you have no doubt.

You are the sole judges of the weight, under the law as laid down by the court, you will give to the facts testified to, and of the credibility of the witnesses. Of the credibility of the witnesses, you must judge as men who are familiar with the affairs of life. Before you, on the one side, is a class of witnesses who, but a short time since, were denied the right to testify against their former masters, the whites. As witnesses, we have had but little experience with them. Whether flaws in their moral character will similarly affect their character as to truth and veracity when upon the witness stand, as we suppose of whites, you must judge. Their conduct on the witness stand, the promptness and directness, the intelligence with which they answered or failed to answer inquiries made of them in your presence, are proper to be considered in estimating their credibility. On the other hand, you have their former masters, whites, testifying against them. How far they may, unknown to themselves, possibly be influenced by prevailing prejudices, you are to judge. I can but ask you to give these matters the most careful consideration.

In reference to the alibi undertaken to be shown by the defendants, I call your attention to the fact that it is a defense which is set up by the defendants, and must be made out by them to your satisfaction. The law regarding the strength or weakness of the alibi made out by the facts and circumstances testified to has been so fairly presented, on both sides, in the arguments of counsel, that I need not further allude to it. You are authorized to find all or as many of the defendants guilty, or not guilty, as you, in your judgment, in the application of the law as given you by the court, applied to the facts and circumstances testified to, may determine.